T. J. GALLOWAY, PLAINTIFF IN ERROR, V. MAY HICKS, DEFENDANT IN ERROR.

[FILED MAY 31, 1889.]

1. Negotiable Instruments: OWNERSHIP: EVIDENCE. In an action by a married woman upon a promissory note payable to "M." H., which initial letter of the given name was the same as the initial letter of her husband, who carried on business by the name of "M." H., the defendant in the suit answered admitting the execution of the note, but denied the ownership of the plaintiff, or that the note was executed to her, but alleged that it was made to the plaintiff's husband without consideration. The plaintiff and her husband both took the witness stand and testified that the note was executed and delivered to the wife personally, and that the husband had never owned it. The husband was asked upon cross-examination if he had not, at a certain time and place, had the note in his possession, and offered to trade it to a person named, saying at the time that it belonged to him. An objection to the question on the ground of immateriality was sustained. *Held*, Error, upon the ground that the statement and offer, if made, were inconsistent with his testimony in chief, and, if unexplained by him, might properly be considered by the jury as tending to diminish the weight of his evidence.

2. ———: ———: ———.   Where in such case the court instructed the jury that the defendant by his answer alleged that the note upon which the action was brought, was executed and delivered "to the plaintiff" as an accommodation note, and for the only purpose of enabling "plaintiff" to procure credit, etc., it was *held*, that the instruction was erroneous as a misstatement of the issues in the case, the allegation of the answer being that the note was made to the husband of the plaintiff and not to her, her ownership and title being denied.

3. ———: INSTRUCTIONS TO JURY.   Where in such case the jury were instructed that if they found that the defendant had not proved the failure of consideration as alleged in his answer, they should find for the plaintiff, *held*, error, as substantially withdrawing from the jury the other issues involved in the case.

ERROR to the district court for Hayes county.   Tried below before COCHRAN, J.

*J. Byron Jennings*, for plaintiff in error.

*R. B. Likes*, for defendant in error.

REESE, CH. J.

This action was founded upon a promissory note and an account for board, and was instituted before a justice of the peace in Hayes county; and after judgment had been rendered by the justice of the peace, the cause was appealed to the district court.

In that court defendant in error filed her petition, in which she alleged the execution and delivery of the note by plaintiff in error to her, its maturity, non-payment, etc.   As a second cause of action, she alleged that the plaintiff in error was indebted to her in the sum of $2 for board.   The action was instituted in the name of M. Hicks.   The note which constituted the principal demand was as follows:

"$76.80.                              DECEMBER 2, 1885.

"Thirty days after date, I promise to pay to the order of M. Hicks, seventy-six and $\frac{80}{100}$ dollars, for value received,

negotiable and payable without defalcation or discount, and with interest from date at the rate of 10 per cent per annum, until paid.                T. J. GALLOWAY."

Plaintiff in error filed his answer, in which he admitted the execution of the note, but alleged that it was executed and delivered to Martin Hicks, the husband of defendant in error, and not to her; that it was wholly without consideration, and given only as an accommodation to Martin Hicks in order that he might use it as a collateral security to his own note, and upon the payment of the principal note, it was to be returned to him. The title and ownership of defendant in error was also denied, as well as all other allegations of the petition not admitted.

The reply consisted of a general denial of the allegations of the answer, and an affirmative averment that at the time of the execution of the note, and before its delivery, defendant in error and plaintiff ran over their accounts together, ascertained the amount due defendant in error for board, and upon a full settlement to the satisfaction of plaintiff in error, he executed and delivered to her the note in question.

A jury trial was had, in which the evidence upon either side was presented. It would be difficult to imagine a case where the evidence could be more contradictory and conflicting than the one presented to the jury. The conclusion is forced upon us that the conflict is not entirely the result of an honest misunderstanding; and for the purpose of arriving at the truth, considerable latitude, within proper and legal bounds, would have to be given to the investigation of such collateral facts as might throw light on the principal transaction. The record is full of exceptions to the ruling of the court, in excluding testimony offered, taken by the attorney for plaintiff in error on the trial, but as no offer of proof was tendered, we cannot decide whether the court erred or not.

As will be seen by the issues formed, the turning point

in the case was whether the note was executed and delivered to Martin Hicks, or May Hicks his wife.    Martin Hicks took the stand for his wife and testified that the note was executed and delivered to her.    Upon his cross-examination the following question was asked :

"Did you not, about the 1st of February, 1886, take this note I have in my hand and go to A. L. West in this county, I think in this town of Hayes Centre, and say to him that you wanted to sell him this note, or trade it to him for a horse, and did you not at that time tell him you were the owner of the note?"

To this question an objection was made as being immaterial matter, which objection was sustained, and to which plaintiff in error excepted.    Again he was asked the following question :

"Did you not have it in your possession and offer to trade it to West for a horse at that time?"

To this question objection was made as immaterial, which objection was sustained, and to which plaintiff in error excepted.

We think these questions were proper upon cross-examination, and that an answer thereto should have been required.    If the offer and statement were made by him, they were somewhat inconsistent with his testimony upon the witness stand, and if unexplained would have been proper to be considered by the jury as tending to diminish the weight of his evidence.

Upon the trial the following, among other instructions, were given to the jury, to which plaintiff in error excepted at the time :

" 2. The defendant T. J. Galloway for answer to plaintiff's petition alleges that the note described in plaintiff's petition was executed and delivered to the plaintiff as an accommodation note, and for the only purpose of enabling plaintiff to secure credit, and for no consideration whatever from the plaintiff to the defendant.

"3. You are further instructed that in order to entitle the defendant to recovery in this action, it is incumbent upon the defendant to prove by a fair preponderance of testimony that the note was made and executed and delivered by the defendant to the plaintiff without any consideration whatever, and solely for accommodation of the plaintiff.

"4. The court instructs the jury that the note sued on in this case is *prima facie* evidence of an honest indebtedness from defendant to the plaintiff, at the time the note was made and delivered; and if you believe from the evidence that defendant has established, by a fair preponderance of the evidence, that the said note was given without consideration, then you should allow the defendant in this suit credit for the amount of said note, principal and interest; that when in a suit upon a promissory note defendant sets up a failure of any consideration for the note, he must establish such failure by a fair preponderance of the testimony; and in this suit if the jury find that defendant has not proved the failure of the consideration as alleged in his answer, by a fair preponderance of the evidence, it should find for the plaintiff for the full face of the note and interest."

In the second of the above instructions quoted, the court seems to have inadvertently fallen into the idea that by the answer, it was alleged that the note was delivered to the plaintiff as an accommodation note, when in fact it was clearly alleged in the answer that the note was given to Martin Hicks, and not to the plaintiff. This was no doubt an oversight on the part of the learned judge who gave the instruction; but nevertheless the jury must have been misled thereby as to the real issue involved. By the third instruction the jury were informed that the burden of proof was upon plaintiff in error to prove by a preponderance of evidence that he delivered the note to the plaintiff without consideration, and solely for her accommodation. This, as we have seen, was not in issue. By the latter

portion of the fourth instruction, the court informed the jury that if they found that plaintiff in error had not proved the failure of the consideration, as alleged in his answer, by a fair preponderance of the evidence, they should find for the plaintiff in the action, for the full face of the note, and the interest. This instruction here ignores other and perhaps fundamental issues as to the ownership of the note by defendant in error. It substantially told the jury that if they found the note was sustained by sufficient consideration, they should find for defendant in error. In this the court erred. There were two issues presented: first, as to the title or ownership of the note by defendant in error; and second, as to the consideration therefor. Both questions should have been submitted with the instruction that if they found the first in favor of defendant in the action, they should give no further attention to the second, as that would be decisive of the case so far as the note was concerned. It may be a question as to where the burden of proof rested as to the ownership of the note; but upon this question, as it is not before us, we express no opinion.

The judgment of the district court is therefore reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other Judges concur.